IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARRETT JACK OGDEN, et al.,

        Plaintiffs,

                         CIVIL ACTION
    vs.                         No. 10-3190-SAC

CON CARE, INC., et al.,

        Defendants.


MEMORANDUM AND ORDER


This matter comes before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a number of prisoners incarcerated in the Sedgwick County Jail, Wichita, Kansas.

Plaintiffs proceed pro se, and they seek the certification of this matter as a class action and the appointment of counsel.

The defendants are Con Care, Inc., a contracting health care provider, the Sedgwick County Sheriff, and the Sedgwick County District Attorney.

The complaint broadly alleges a conspiracy among the defendants to artificially inflate the bonding system, knowing this will result in overcrowding at the jail and create unsafe and unhealthy conditions there. The complaint cites the

imposition of excessive bond and extended sentences, resulting in a large number of persons detained on non-violent offenses, property crimes, and traffic infractions. The complaint broadly alleges this is intended to "fleece the Federal government, and the Citizens of Sedgwick, out increasingly larger sums of money." (Doc. 1, p.2.) Finally, the complaint asserts a claim that persons detained in the jail have been denied due process by the services of an overburdened public defenders office, and general claims concerning the conditions of confinement in the jail, including access to medical care, special diets, and the lack of self-help programs.

*Initial screening*

A federal court must conduct an initial screening of any action in which a prisoner seeks relief from a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. § 1915A(a). In conducting the screening, the court must identify any viable claim and must dismiss any part of the action which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b).

A pro se party's complaint must be given a liberal con-struction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

To state a claim for relief, the complaint must present allegations of fact, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must present "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. At this stage, the court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *Id*. at 555.

Having considered the complaint, the court is considering the dismissal of this matter due to the failure to identify any specific factual support for the claims of conspiracy and civil rights violations. Plaintiffs have failed to identify any acts or omissions by the named defendants that support the theory of a broad conspiracy to create an overcrowded facility in order to exacerbate living conditions there. Such conclusory allegations are not sufficient to state a claim for relief, and unless additional support is provided, this matter will be dismissed upon its merits.

*Motions*

Plaintiffs have filed a combined motion for the appointment

of counsel and for leave to proceed in forma pauperis (Doc. 2).

A party in a civil action has no constitutional right to the assistance of counsel in the prosecution or defense of such an action. *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969). Rather, the decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The court should consider "the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991).

The court has carefully considered the complaint and concludes the appointment of counsel is not warranted. The claims here are conclusory and do not identify any specific acts by the named defendants that would state a plausible claim of conspiracy. Accordingly, the motion for the appointment of counsel will be denied.

Next, the present complaint is captioned as a "class action complaint" (Doc. 2, p. 1). However, a party proceeding pro pro may not represent other pro se parties in federal court, and may not serve as a class representative in a putative class action. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320,

4

1321 (10th Cir. 2000). The court has determined that this matter does not merit the appointment of counsel and also concludes this matter should not be certified as a class action pursuant to Rule 32 of the Federal Rules of Civil Procedure.

Accordingly, the court will dismiss all plaintiffs except plaintiff Ogden from this action without prejudice and will deny the motions of those individuals who have moved to be added to this matter as a plaintiff. Any plaintiff who wishes to bring a separate action may do so, however, any such action should reference the fact that that plaintiff was dismissed from the present action.

Plaintiff Ogden will be directed to supplement the motion for leave to proceed in forma pauperis with a certified statement from his institutional account showing the balance and deposit information for that account for the preceding six months.

In addition, plaintiff Ogden will be directed to provide specific factual support for the claims presented in the complaint.

IT IS, THEREFORE, BY THE COURT ORDERED the request that this matter be treated as a class action is denied.

IT IS FURTHER ORDERED the combined motion to appoint counsel and for leave to proceed in forma pauperis (Doc. 2) is

denied in part. Plaintiff Ogden is directed to submit financial records in support of the motion for leave to proceed in forma pauperis on or before July 29, 2011.

IT IS FURTHER ORDERED that on or before July 29, 2011, plaintiff Ogden shall supplement the factual allegation of his complaint to provide specific assertions in support of the claims therein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice to the plaintiff.

IT IS FURTHER ORDERED the motions of Schina T. Gantt (Doc. 3), Sean C. Costa, Richard S. Skelley, and Andrew Gill (Doc. 4), and Bobby Mans, Anthony Smith, and Rodney S. Coleman (Doc. 5) to be added as plaintiffs are denied without prejudice to their filing separate actions.

IT IS FURTHER ORDERED plaintiffs Vincent Taylor, G.D. Blankenship, Steve McMillan, Aaron Haig, Raymond Sipult, Wesley A. Smith, Kevin L. Tawzer, Steven McCarley, Derek I. Henson, Donald R. Rowden, Joshua P. Harris, Tish Miles, James Blackbear, Francisco Ortega, Branden S. Bell, Sr., Haikaz Mansuryan, Keith K. Thurman, and William B. Becker are dismissed from this matter without prejudice to their filing of separate actions.

Copies of this order shall be transmitted to the parties and movants.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 1st day of July, 2011.




                    S/ Sam A. Crow
                    SAM A. CROW
                    United States Senior District Judge