IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


GARRETT JACK OGDEN,

                    Plaintiff,

          v.                          CASE NO. 10-3190-SAC

CON CARE, INC., et al.,

                    Defendants.


MEMORANDUM AND ORDER


     This matter is a civil rights action filed pursuant to 42
U.S.C. § 1983. By its previous order, the court declined to certify
this matter as a class action, dismissed without prejudice all
plaintiffs except Garrett Jack Ogden ("Ogden"), directed plaintiff
Ogden to submit financial records in support of his motion for leave
to proceed in forma pauperis, and directed him to file a
supplemental pleading providing specific factual assertions in
support of the claims presented.

     Plaintiff filed a timely statement of supplemental allegations
(Doc. 29) and a supplement to the motion for leave to proceed in
forma pauperis (Doc. 30); he also submitted a motion for protection
from abuse order (Doc. 31) and a motion to consolidate cases (Doc.
32).

*Motion to proceed in forma pauperis*

     Because plaintiff commenced this action while incarcerated,
this motion is governed by 28 U.S.C. § 1915(b). Pursuant to 28

U.S.C. § 1915(b)(1), the court must assess as an initial partial filing fee twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having examined the supplemental records submitted by the plaintiff, the court finds there were no deposits to plaintiff's institutional account, and the average monthly balance was a negative balance primarily reflecting unpaid fees for medications dispensed to the plaintiff. The court therefore assesses no initial partial filing fee in this matter and will grant the motion for leave to proceed in forma pauperis.[1]

*Motion for protection from abuse*

Plaintiff moves for a court order directing the Sedgwick County District Attorney's Office, the Sedgwick County Sheriff's Department, and the Wichita Police Department to refrain from various acts, including contacting him in any way except by mail, threatening him with the use of force, and entering his workplace or residence.

The court liberally construes this motion as a request for preliminary injunctive relief. Plaintiff has the burden to establish his right to relief by clear proof, and he may not rest on bare claims. A preliminary injunction is an extraordinary remedy and will

---

[1] Plaintiff remains obligated to pay the $350.00 filing fee in installments calculated pursuant to 28 U.S.C. § 1915(b)(2).

not be imposed as a matter of rights. *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC,* 562 F.3d 1067, 1070 (10th Cir. 2009).

Plaintiff has not established by clear proof that there is any real or immediate danger to him in the absence of the relief sought, and relief granted upon his essentially unsupported request would contravene public police by an unreasonable interference with law enforcement. Accordingly, the motion will be denied.

*Motion to consolidate*

Plaintiff moves to consolidate this matter with Case No. 11-3124, *Ogden v. Sedgwick County District Attorney's Office, et al.* A district court, in its discretion, may consolidate separate actions where the cases involve a common issue of law or fact. Fed. R. Civ. P. 42(a). The rule allows the court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mutual Insurance Co.*, 220 F.R.D. 366, 367 (D.Colo. 2004)(quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2381 at 427 (2nd ed. 1995)).

The court denies the motion for consolidation. The present action concerns conditions of confinement at the Sedgwick County Adult Detention Center, while Case No. 11-3124 involves challenges to detentions of plaintiff Ogden by law enforcement officers. There is no apparent basis to support the consolidation of these matters.

*Screening*

The court has reviewed the supplemental pleading submitted by

the plaintiff. In the pleading, he broadly alleges (1) that the Sedgwick County Sheriff's Department and the Sedgwick County District Attorney's Office, in conjunction with the 18th Judicial District Court, acted to inflate the jail population by requiring unreasonable bond amounts in criminal cases, resulting in the detention of "the homeless, the poor, and those without the means to pay an unreasonable bond" (Doc. 29, p. 2), (2) using this forced detention of non-violent offenders to attract federal and state funding by demonstrating need; and (3) constricting services within the jail.

Plaintiff states that he has been denied medications that were previously prescribed (id., p. 6); however, he also states that he was told that he could receive the necessary health aids and medications in the jail clinic, an option he appears to reject due to the relative isolation and lack of "visits, exercise, entertainment, or movement of any kind" (id.). Finally, plaintiff claims that he was denied due process by continuances requested by appointed counsel (id. p. 7), and he alleges a pattern of overcharging is used "to keep the bonds high, fill the jail with non-violent offenders ... and place a greater reluctance within the defendant to proceed to an actual trial." Id.

In reviewing the pleading, the court accepts as true all well-pleaded allegations of the complaint. *McDonald v. Kinder−Morgan, Inc.,* 287 F.3d 992, 997 (10th Cir.2002). The court considers the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red*

4

*Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

The court also is mindful that the pleadings filed by a pro se litigant must be given a liberal construction. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Haines v. Kerner,* 404 U.S. 519, 520 (1972). This standard, though, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), and a pro se plaintiff may not proceed only upon "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond,* 905 F.2d 1386, 1390 (10th Cir.1990).

The court has carefully considered the supplemental complaint and concludes this matter should be summarily dismissed. Plaintiff's bare claims of a systemic effort to inflate the jail population by manipulating criminal charges and bond levels are conclusory and speculative. Many of his claims involve challenges, such as excessive bond and delay in proceedings, that should be presented in the state criminal action. Finally, to the extent plaintiff alleges a failure to provide him with adequate medical attention, it appears he was simply unwilling to accept housing in the clinic where such medical attention was available. This scenario does not suggest an unconstitutional deprivation of care.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED plaintiff is granted leave to proceed in forma pauperis. No initial partial filing fee is assessed; however,

plaintiff remains obligated to pay the $350.00 filing fee.

IT IS FURTHER ORDERED plaintiff's motion for order (Doc. 31) and motion to consolidate cases (Doc. 32) are denied.

Copies of this order shall be transmitted to plaintiff and to the Finance Officer of the Sedgwick County Adult Detention Facility.

**IT IS SO ORDERED.**

DATED:  This 30th day of January, 2012, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge